Filed 4/22/25  P. v. White CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083841 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN004867) |
| DONALD PAUL WHITE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Reversed and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

In 1995, Donald Paul White was sentenced to prison after a jury found him guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] and being a felon in possession of a firearm (§ 12021, subd. (a)), and the sentencing court found true allegations he suffered two prison prior terms (former § 667.5, subd. (b)). On direct appeal, our court determined the sentencing court had committed sentencing error, but we affirmed the remainder of the judgment of conviction and remanded the matter solely for resentencing purposes. (*People v. Barrier* (Jan. 8, 1997, D024298) [nonpub. opn.].) On remand, the sentencing court imposed an aggregate sentence of 114 years to life in prison. The court imposed, but stayed, the two prison prior enhancements.

Thereafter, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.), which added section 1171.1 to the Penal Code. That provision, which has since been renumbered as section 1172.75, declares most previously imposed prison prior enhancements legally invalid. (§ 1172.75, subd. (a).) It also compels courts: (1) to recall the sentence of any inmate who is currently serving a term for a judgment with a now-invalid prison prior enhancement; and (2) to resentence the inmate. (*Id.*, subds. (c)–(d).)

Pursuant to section 1172.75, the California Department of Corrections and Rehabilitation (hereafter, CDCR) identified White as an inmate who may be entitled to resentencing because he was serving a sentence that included a prison prior enhancement under former section 667.5, subdivision (b). However, the trial court declined to resentence White, apparently under the mistaken belief the sentencing court had stricken the prison prior

---

[1]     Further undesignated statutory references are to the Penal Code.

enhancements, rather than staying them.  White timely appealed the denial order and argues he was entitled to resentencing, even though the sentencing court stayed—rather than executing—the two prison prior enhancements. By contrast, the People urge us to affirm the denial order because the sentencing court never executed the prison prior enhancements it imposed.

Numerous appellate courts, including our own, have concluded that section 1172.75 requires a sentencing court to recall an inmate's sentence and resentence the inmate whenever his or her sentence includes a prison prior enhancement—even if the prison prior was stayed.  (*People v. Bravo* (2025) 107 Cal.App.5th 1144; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*), review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189; *People v. Renteria* (2023) 96 Cal.App.5th 1276; see also *People v. Espino* (2024) 104 Cal.App.5th 188 [resentencing is available when a prison prior is imposed and punishment is stricken], review granted Oct. 23, 2024, S286987.)  One appellate court has reached a contrary conclusion, reasoning that a recall and resentencing are warranted only when a prison prior is imposed *and executed.*  (*People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169.)

Pending resolution of this issue by the Supreme Court, we adhere to the majority view and our past precedent, *Christianson, supra,* 97 Cal.App.5th 300.  Therefore, we reverse the order denying relief and remand the matter to the trial court with directions to recall White's sentence and conduct a full resentencing proceeding under section 1172.75.

DISCUSSION

A. *Statuary Framework*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free from custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement to those cases in which the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] ... Senate Bill [No.] 136 ... to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[ ]." (Stats. 2021, ch. 728, § 1.) To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Section 1172.75, subdivision (a), declares, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ... is legally invalid," except for certain specified prison prior enhancements based on past convictions for sexually violent offenses. Subdivision (b) compels the CDCR and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in

subdivision (a)," and to provide the person's name, birth date, and identifying case information to the court that sentenced the person. (*Id.*, subd. (b).) Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a)." (*Id.*, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Section 1172.75, subdivision (d) outlines the procedures governing resentencing. It states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing ... shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) It requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

5

B. *Application*

The issue presented here is whether a prison prior enhancement based on a past conviction for a non-sexually violent offence is "imposed" for purposes of section 1172.75, subdivision (a), when the sentencing court imposes *and stays* the enhancement, or alternatively, whether a prison prior enhancement is "imposed" only in those cases where the court imposes *and executes* the enhancement. This question is central to resolving the appeal because the recall and resentencing procedures outlined in section 1172.75, subdivisions (c) and (d), apply only when an inmate is serving a term for a judgment with an enhancement described in subdivision (a)—i.e., when the judgment includes an enhancement that was "*imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ...." (Italics added.) Because this is a question of law, we apply a de novo standard of review. (*Christianson*, *supra*, 97 Cal.App.5th at pp. 308, 310, review granted.)

In *Christianson*, we concluded a prison prior enhancement is "imposed" for purposes of section 1172.75, subdivision (a), when the sentencing court imposes and then stays the enhancement. We reasoned that section 1172.75, subdivision (b), "requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' (§ 1172.75, subd. (b), italics added.) A judgment may include a sentence that has been imposed but suspended or stayed. [Citations.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have

6

done so." (*Christianson, supra,* 97 Cal.App.5th at pp. 311–312, review granted.)

We also observed that section 1172.75, subdivision (c), requires the sentencing court to *verify* that the judgment for any inmate referred by the CDCR for resentencing " 'includes a sentencing enhancement described in subdivision (a).' " (*Christianson, supra,* 97 Cal.App.5th at p. 312, review granted, italics omitted.) We reasoned "the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed)." (*Ibid.*) As we explained, it did "not follow logic or reason to … require the CDCR to identify a larger class of inmates—all those serving time on a judgment that includes a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Ibid.*)

We also rejected the People's argument that section 1172.75, subdivision (d)(1), suggested the Legislature intended to limit resentencing only to cases in which a prison prior sentence is imposed and executed. (*Christianson, supra,* 97 Cal.App.5th at p. 312, review granted.) Subdivision (d)(1) requires a court to impose a "lesser sentence than the one originally imposed" after the court recalls a sentence, and the People claimed it would not be feasible for a court to follow this directive if section 1172.75 were to apply to cases in which an enhancement has been stayed. (*Christianson,* at p. 312.) We disagreed. As we explained, "a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of

7

the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Ibid.*; see also *Mayberry, supra,* 102 Cal.App.5th at p. 674, review granted ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution."].)

Further, we observed that section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson, supra*, 97 Cal.App.5th at p. 314, review granted.) And we noted, "[c]onsistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*) Based on the statute's ameliorative goal and its requirement of a full resentencing proceeding, we discerned that "the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements," including inmates with stayed enhancements. (*Ibid.*)

We adopt the analysis and conclusions from *Christianson* as though they were set forth in full in this opinion. Applying *Christianson*, we conclude the trial court erred when it denied relief to White. The sentencing court imposed and stayed the prison prior enhancements arising from White's prior convictions. Thus, the prison prior enhancements are legally invalid under section 1172.75, subdivision (a).

Because White is serving a prison term for a judgment with legally invalid prison prior enhancements, the trial court must recall the sentence and conduct a full resentencing proceeding. (§ 1172.75, subd. (c); see *Saldana, supra*, 97 Cal.App.5th at p. 1276 [" 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court

8

strike the newly "invalid" enhancements.' "], review granted.)  During the resentencing proceeding, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

## III

## DISPOSITION

The order is reversed and the matter is remanded to the trial court with directions to recall the sentence and conduct a full sentencing proceeding pursuant to Penal Code section 1172.75, subdivisions (c) and (d).


McCONNELL, P. J.


WE CONCUR:


O'ROURKE, J.


DO, J.


9